UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nathan Rish, | Case No. 2:25-cv-001421-APG-BNW |
| Plaintiff, | |
| v. | ORDER and REPORT AND RECOMMENDATION |
| Mid-Century Insurance Co., | |
| Defendant. | |

Before this Court is Plaintiff's motion seeking to amend his complaint. ECF No. 16. Defendant opposed at ECF No. 17, and Plaintiff replied at ECF No. 20. As explained in more detail below, Defendant has not met its burden to show that amendment would be improper. As a result, this Court grants Plaintiff's motion. The parties are familiar with the arguments. As a result, this Court only incorporates them as relevant to this order.

**I.    DISCUSSION**

    **A.  Applicable Legal Standard**

Unless a party can amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls*., 655 F.3d 984, 995 (9th Cir. 2011). "Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted." *Underwood v. O'Reilly Auto Enterprises*, LLC, 342 F.R.D. 338, 342 (D. Nev. 2022). "The party opposing the amendment bears the burden of showing why leave should be denied, including the burden of establishing prejudice." *Id*. at 343 (internal citations omitted).

1  However, when a scheduling order has been filed it "controls the course of the action." Fed. R. Civ. P. 16(d). Thus, the court must first analyze the motion's compliance with Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16, a pre-trial schedule may only be modified after a showing of "good cause" and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The party seeking extension bears the burden of proof and has shown good cause if they can demonstrate that scheduling deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*.

Local Rule 26-3 indicates a motion to extend a scheduling order deadline must be supported by a moving party's demonstration that the failure to act was the result of excusable neglect. LR 26-3; LR IA 6-1. The Ninth Circuit has held that courts may consider at least four factors in determining whether there is excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission*. See Pioneer*, 507 U.S. at 395.

### B.  Plaintiff does not need to show good cause under Rule 16.

This case was removed to federal court in August 2025. ECF No.1. The Court adopted the parties' proposed Discovery Plan and Scheduling Order on September 24, 2025. ECF No. 19. Important to this discussion, the deadline to amend pleadings is set for November 4, 2025. *Id*. at 2. As Plaintiff's motion was filed on August 4, 2025, Rule 16 is not applicable.[1]

---

[1] Neither are LR 26-3 or LR IA 6-1 and, as such, excusable neglect need not be shown.

### C. Defendant has not met its burden of establishing amendment is improper under Rule 15.

Defendant's argument that amendment would not be proper under Rule 15 is not persuasive. First, this Court notes that Plaintiff's request is simply to add causes of actions to the same facts that existed in his former complaint. That is, the proposed amended complaint does not seek to add any new defendants or causes of action. Rather, it simply includes the causes of action that were previously omitted but correspond to the alleged facts.

Defendant only argues that the proposed amended complaint would be futile. "Denial of leave to amend on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015). Thus, amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019). To the extent Defendant believes that there are pleading deficiencies, those can be re-incorporated in a new motion to dismiss. However, Defendant does not argue that no set of facts could be pled to sustain these causes of actions. Thus, this Court finds amendment is proper in accordance with the liberal amendment policy under Rule 15.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 16) is **GRANTED**. The Clerk of Court is kindly directed to detach and file Plaintiff's amended complaint (ECF No. 16-1).

//

//

**IT IS FURTHER RECOMMENDED** that defendant's motion to dismiss (ECF No. 5) be denied as moot. *See Ramirez v. Cnty. of San Bernadino*, 806 F.3d 1002, 1009 (9th Cir. 2015) (explaining that an amended complaint supersedes the original complaint in its entirety).

DATED: October 8, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE